UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| EARL J. CLAUNCH | CIVIL ACTION |
|---|---|
| VERSUS | NO. 10-1716 |
| DEPUTY THOMAS WILLIAMS, ET AL | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on motions for summary judgment and motion in limine filed by Rodney J. Strain, Jr. ("Strain"), in his capacity as Sheriff of St. Tammany Parish, Deputy Thomas Williams("Williams"), Deputy Jordan Hollenbeck ("Hollenbeck"), Deputy Lawrence Hudson ("Hudson") and Lieutenant Michael Fisher ("Fisher"). Rec. Docs. 60, 65. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate and that the motion in limine has merit for the following reasons.

The plaintiff, Earl J. Claunch ("Claunch") filed this complaint asserting claims under 42 U.S.C. §§ 1983, 1985, 1986 & 1988 and Louisiana state law pertaining to his arrest and detention. Claunch alleges in his complaint that he was transported from a bar to his home in Slidell, Louisiana and charged $17.10 instead of the allegedly correct cab fare of $8.00. He alleges that when he failed to tender the fare charged, he was locked in the cab by the driver, who called the St. Tammany Sheriff's Office; Williams

and Hollenbeck responded.  According to the complaint, when the officers ordered him to retrieve the additional fare from his house, we was struck from behind by one of the officers, handcuffed, tased, put into the sheriff's vehicle, transported by Williams to a gas station where, joined by Hudson and Fisher, he was again beaten and tased before being taken to and detained at the St. Tammany Parish jail for 2 -3 days without being allowed to use the phone to contact an attorney or family.  Rec. Doc. 1 at 5-7.  His claims for damages against the movers and Parish Cab, Inc. include state law false arrest, false imprisonment, assault, battery, and extortion, in addition to federal civil rights claims for excessive use of force, assault and battery, and unlawful detention, conspiracy and due process and equal protection violations.  Rec. Doc. 1 at 7-13.

The undisputed facts relevant to the motion include the facts that on June 17, 2009, Claunch was intoxicated and arrested for disturbing the peace and resisting arrest at his home.  The uncontroverted police records indicate that Claunch continued to act violently in the sheriff's vehicle during transport.   In addition, Claunch was charged by Williams with two misdemeanor counts for disturbing the peace and resisting an officer and two felony counts for resisting an officer with force or violence and public intimidation.  It is also undisputed that on July 27, 2009, Claunch was charged in a bill of information with resisting an officer "by the intentional interference, obstruction or

2

resistance to a law enforcement officer acting in his official capacity and authorized by law to make a lawful arrest knowing or having reason to know that the officer was acting in his official capacity" in violation of La. Rev. Stat. § 14:108 and for disturbing the peace in a manner"as would foreseeably disturb or alarm the public by being intoxicated" in violation of La. Rev. Stat. 103. Rec. Doc. 60-6. In May 2010, approximately one month prior to filing this suit, Claunch entered a plea of "no contest" to the charges contained in the bill of information and was sentenced. Rec. Docs. 60-7, 60-8.

The movers include excerpts from Claunch's deposition testimony in support of their motion. Claunch testified that he was "visibly intoxicated" at the bar on the night of the arrest, that he did nothing wrong at his home, that he was handcuffed at his home "for no reason" given the insignificant amount of cab fare owing, that he was not belligerent or hostile or resistant to the officers prior to being hit in the head at his home, that the officers did not tell him he was under arrest at his home and that his resistance did not start until after he was hit, handcuffed and tased, and that he was transported with leg restraints on. Rec. Doc. 60-11. Claunch did not remember kicking the doors or windows of the police car after leaving his home. *Id.* He testified that he exhibited no resistance to the officers' lawful commands at any time prior to being tased

3

in handcuffs and that any resistance was in the nature of self-defense. *Id.* Claunch concluded his deposition by testifying that he did not at any time during his interaction with the officers do anything wrong insofar as resisting abusing or intimidating the officers, other than asking to be released because of his father's position. *Id.* Claunch did not pay the cab fare that night. *Id.* The plaintiff offers no deposition testimony excerpts to contradict the movers.

This motion seeks dismissal of all of Claunch's claims with several arguments. First, The movers argue that the § 1983 claims are barred under the rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

(Emphasis original). This "favorable termination" rule requires the Court to determine whether a §1983 action "would necessarily imply the invalidity" of Claunch's convictions for disturbing the peace and resisting arrest. *Id.* at 487.

The plaintiff argues that his excessive force claims are not barred by *Heck* because the factual basis for the convictions is temporally and conceptually distinct from the excessive force claim, relying on the distinctions drawn in *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008) and *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006).[1] Claunch claims that he "plead no contest only to resisting arrest when the Deputies attempted to place him in restraints" and "does not contest that he may have struggled and resisted at the point in time when the deputies actually placed him in handcuffs at his property." Rec. Doc. 69 at 6. He supports his argument that the excessive force occurred before and after he was placed under arrest with an January 2012 affidavit in which he swears that he was not resisting arrest when he was hit over the head at his home, that his resisting arrest conviction only concerns the time when he was placed in restraints at his home because he "was shocked and rattled by the chain of events," and that he was not resisting arrest

---

[1] It does not appear that the plaintiff opposes the motion as to any claim other than excessive force.

at the gas station. Rec. Doc. 69-2. [2] Again, no deposition excerpts are offered by the plaintiff.

The movers argue that Claunch's January 2012 affidavit does not defeat summary judgment because it impeaches his sworn deposition testimony without explanation. *S.W.S. Erectos, Inc. v. Infax, Inc.*, 72 F.3d 489,495 (5th Cir. 1996). Claunch explains in opposition and affidavit that his plea of not contest only relates to resisting arrest when he was placed in restraints. Rec. Doc. 69 at 6. The Court finds this explanation unpersuasive and ill-timed. Claunch's deposition testimony is not so restricted, he testified that he acted in self-defense, and the current time-sensitive explanation of the scope of the crimes for which the plaintiff is convicted are contrary to that deposition testimony and otherwise unsupported by police and court records.[3] It should be noted that the affidavit was signed by Claunch months after the plaintiff's deposition testimony and almost eighteen months after the incident.

---

[2]Claunch also argues that his plea of nolo contendere can not be used against him in these civil proceedings. Although of no consequence, the record reflects a plea of no contest. Rec. Doc. 69 at 6-7. In any event, the plaintiff offers no legal authority for this argument, which is unfounded. *See e.g., Ballard,* 444 F.3d at 396-97; *Hernandez v. Boles*, 184 F.3d 819 (5th Cir. 1999).

[3]Recently, the Fifth Circuit upheld the sanction of dismissal based on inconsistent perjured deposition testimony. *Brown v. Oil States Skagit Smatco*, 664 F.3d 71 (5th Cir. 2011).

More importantly, perhaps, the plaintiff's argument fails to consider the fact that, in addition to resisting arrest, the plaintiff was also arrested and convicted for disturbing the peace because of his intoxication. Claunch does not attempt to time-restrain the police conduct relevant to that distinct crime in his complaint, deposition or affidavit.

In sum, the Court finds that same facts attend Claunch's convictions as his § 1983 claims for excessive force and unlawful arrest and those claims necessarily imply the invalidity of his convictions for disturbing the peace and resisting arrest. As such, any § 1983 claim for damages relative to excessive force or wrongful arrest are barred by *Heck*.[4]

The plaintiff does not oppose the defense argument that his claims against Strain are subject to dismissal under *Monell v. Dep't of Social Services of New York City*, 436 U.S. 658 (1978). In addition, he does not oppose the motion as it relates to the conspiracy claims against Strain and the individual officers being legally and factually unsupported.[5]

---

[4]The Court is unable to discern the exact nature of the specific federal claims being asserted by the plaintiff in his complaint, and would look to counsel's advice as to whether any other federal claims remain for the pre-trial conference and trial.

[5]Although, the plaintiff does not present argument in opposition to the movers' argument in favor of summary judgment dismissing the state law claims, the Court

In the motion in limine, the movers seek exclusion of the plaintiff's proposed expert testimony of H. Lee Dresselhaus ("Dresselhaus"), a licensed journeyman private investigator and former Slidell police lieutenant. In his report, Dresselhaus criticizes the content of the arrest report, the conduct of the cab driver, the appropriateness of the officers' entry into the plaintiff's home and the propriety of the charges brought against Claunch, as well as raising issues pertaining to the defendant officers' "fitness for office." Rec. Doc. 65-2. Dresselhaus has never been qualified as a expert. Without addressing his qualifications, the Court finds that the proposed testimony would not assist the trier of fact for purposes of Fed. R. Evid. 702, especially in light of the grant of summary judgment.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Deputy Thomas Williams, Deputy Jordan Hollenbeck, Deputy Lawrence Hudson and Lieutenant Michael Fisher is PARTIALLY GRANTED as to the § 1983 claims for excessive force, wrongful arrest and arrest and PARTIALLY RESERVED as to remaining claims. Rec. Doc. 60.

IT IS FURTHER ORDERED that the motion in limine filed by Rodney J. Strain,

---

reserves its right to dismiss without prejudice any pendent state law claims in the event all federal claims are dismissed.

Jr., in his capacity as Sheriff of St. Tammany Parish, Deputy Thomas Williams, Deputy Jordan Hollenbeck, Deputy Lawrence Hudson and Lieutenant Michael Fisher ("Fisher") is GRANTED. Rec. Doc. 65.

IT IS FURTHER ORDERED that counsel confer about the exact nature of any remaining claims and consider contacting Magistrate Judge Knowles for a settlement conference prior to the Court's disposition of the remaining state law claims.

New Orleans, Louisiana, this 30th day of January, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE